Nina Rabin, AZ Bar #025246
University of Arizona Immigration Law Clinic
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

Attorney for Plaintiff Jesus Gerardo Plascensia Ramirez

**UNITED STATES DISTRICT COURT**
DISTRICT OF ARIZONA

| | |
|---|---|
| JESUS GERARDO PLASCENSIA RAMIREZ, | )<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) COMPLAINT FOR<br>) VIOLATIONS OF THE FAIR<br>) LABOR STANDARDS ACT |
| CHAVEZ WROUGHT IRON, LLC,<br>ALFRED O. CHAVEZ, SR., ADRIAN CHAVEZ,<br>ALFRED CHAVEZ, JR., AND ANDREA CHAVEZ, | ) AND ARIZONA LAW;<br>) DEMAND FOR JURY TRIAL<br>) |
| Defendants. | )<br>) |

**INTRODUCTION**

1. This is an action by Plaintiff Jesus Gerardo Plascensia Ramirez ("Mr. Ramirez") against his former employers, Defendants Chavez Wrought Iron, LLC, et al., ("Defendants"). For over fifteen years, Mr. Ramirez worked as a welder for Defendant Chavez Wrought Iron until his unlawful termination on February 12, 2014. Until November 2013, Mr. Ramirez regularly worked over forty hours a week, at times working over 70 hours per week. In clear contravention of federal

1

and state law, Defendants did not pay Mr. Ramirez overtime, despite Mr. Ramirez's request to receive overtime pay. Immediately after Mr. Ramirez obtained representation and contacted Defendants regarding his unpaid overtime wages on October 30, 2013, his hours and wages were drastically cut. His wage was reduced by four dollars per hour and prior to his termination, he worked between zero and ten hours per week. In addition, he was overlooked for a promotion for which he was qualified.

2. Mr. Ramirez brings this action in order to recover damages arising out of Defendants' willful violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Arizona Revised Statutes (A.R.S.) §§ 23-350, *et seq.*, 23-1501.

3. Specifically, Mr. Ramirez seeks remedies for non-payment of overtime wages and unlawful retaliation, including liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

**JURISDICTION AND VENUE**

4. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges a cause of action under Arizona state law that arises out of the same set of operative facts as the federal causes of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District and because Defendants failed to pay Plaintiff overtime for services performed in Arizona.

**PARTIES**

6. Plaintiff Mr. Ramirez is an individual who, at all times relevant to the instant action, was and is a resident of the State of Arizona, County of Pima. Mr. Ramirez was an employee of Defendants for approximately sixteen years, where he worked as a welder until his employment was terminated on February 12, 2014.

7. Defendant Chavez Wrought Iron is a limited liability company, registered in the State of Arizona, with its principal place of business at 6221 East 22nd Street, Tucson, AZ 85711.

8. Defendant Alfred O. Chavez, Senior, a natural person and resident of Tucson, Arizona, is the owner of Chavez Wrought Iron. He has the authority to hire or terminate the employment of all employees and has the authority to oversee payroll and the maintenance of the company's records.

9. Defendant Adrian Chavez, a natural person and resident of Tucson, Arizona, manages the daily operations of Chavez Wrought Iron's workshop, including the supervision of Mr. Ramirez's work. He determines work assignments, schedules, rates of pay, and has the authority to hire and terminate employees. He handed Mr. Ramirez the notice terminating his employment.

10. Defendant Andrea Chavez, a natural person and resident of Tucson, Arizona, is directly responsible for managing payroll and maintaining the records of Chavez Wrought Iron.  She also has the authority to hire and terminate employees.

11. Defendant Alfred Chavez Junior, a natural person and a resident of Tucson, Arizona, acts as an agent of Chavez Wrought Iron.  He sells the company's products and forms contracts with customers purchasing the wrought iron products that Mr. Ramirez was assigned to build.  He also has the authority to hire and terminate employees.

## **FACTUAL ALLEGATIONS**

12. Mr. Ramirez was employed by Defendant as a welder for approximately sixteen years. His supervisors provided him with the exact specifications for each wrought iron apparatus he was assigned to build, and dictated the manner and time in which he was to complete each project.

13. Mr. Ramirez produced wrought iron goods with materials that travelled in interstate commerce.  Other employees of Defendants also regularly handle, sell, and otherwise work with goods that have been moved in and produced for interstate commerce.

14. Throughout Mr. Ramirez's employment with Defendant and for the period relevant to the instant action, his hours frequently exceeded 40 per week.  His payroll records reflect that he worked an average of 46 hours per week in 2011, 47 hours per week in 2012, and 47 hours per week in 2013 until he requested that

Defendants pay him overtime wages. For at least ten weeks in 2011 and four weeks in 2012, Mr. Ramirez worked over sixty hours per week.

15. Mr. Ramirez did not received overtime wages as required by the FLSA, 29 U.S.C. § 207, at any time relevant hereto.

16. In the Fall of 2010, Mr. Ramirez requested overtime wages from Defendant Adrian Chavez. Mr. Chavez denied his request.

17. In October of 2013, Mr. Ramirez contacted the University of Arizona's Immigration Law Clinic for assistance in receiving his unpaid overtime wages.

18. On October 29, 2013, the University of Arizona filed a third party complaint on behalf Mr. Ramirez with the U.S. Department of Labor, requesting an investigation into Defendants' failure to pay overtime wages.

19. On October 30, 2013, a member of the University of Arizona's Immigration Law Clinic spoke with Defendant Andrea Chavez and requested that Mr. Ramirez receive the overtime wages he is owed.

20. On November 1, 2013, when Mr. Ramirez arrived at work, Defendant Adrian Chavez told him to take the day off of work, without pay. In addition, Defendant Adrian Chavez told Mr. Ramirez that from now on, his work day would start at 8:00 a.m., rather than 6:00 a.m.

21. Defendant Adrian Chavez dismissed Mr. Ramirez without pay on several more days between November of 2013 and February 12, 2014.

22. Between the end of December 2013 and February 12, 2014, Mr. Ramirez worked for Defendants between approximately zero and ten hours per week.

23. In the months of 2013 before October 30, 2013, when Mr. Ramirez requested his claim for overtime wages, Mr. Ramirez worked an average of 47 hours per week.

24. On November 27, 2013, Defendant Adrian Chavez informed Mr. Ramirez that his wage would be reduced from $12.50 to $8.50 per hour beginning the following week.

25. The aforementioned reduction in wage and hours of work are unprecedented in Mr. Ramirez's approximately sixteen years of employment by Defendants.

26. In November of 2013, the only other welder employed by Defendants, who has fewer years of experience than Mr. Ramirez, was promoted to the position of foreman.  Mr. Ramirez has all the qualifications required for the foreman position. Defendants did not notify Mr. Ramirez of the creation of the position prior to his colleague's promotion, nor did they provide him with the opportunity to apply.

27. On February 12, 2014, Defendant Adrian Chavez sent Mr. Ramirez a text message, requesting that Mr. Ramirez come to work.  Upon Mr. Ramirez's arrival, Adrian Chavez handed Mr. Ramirez a letter terminating Mr. Ramirez's employment with Defendant Chavez Wrought Iron.

28. Defendants willfully ignored the possibility that federal and state law required their employees to be paid overtime.

29. By willfully failing to pay overtime wages, Defendants enjoy ill-gained profits at the expense of Mr. Ramirez.

30. At all relevant times herein, Defendant Chavez Wrought Iron has been an enterprise engaged in commerce or in the production of goods for commerce.

31. At some or all times relevant to the instant action, Defendant Chavez Wrought Iron has had an annual gross volume of sales or business of not less than $500,000.

32. Defendant Chavez Wrought Iron and the individual Defendants have been and are, at all times relevant hereto, Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. § 23-350.

33. All Defendants were joint employers of Mr. Ramirez within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2 for all times relevant to this action and are jointly and severally liable to Mr. Ramirez for violations of his rights under the FLSA and Arizona law.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

34. Mr. Ramirez hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

35. Section 7 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who are "suffered or permitted to work" to have their employer pay the correct overtime rate for all hours worked in excess of forty hours in a workweek.

36. Defendants failed to pay Mr. Ramirez wages at the overtime rate for the hours he worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

37. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

38. Because Defendants' violations of the FLSA demonstrated reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

39. Mr. Ramirez has been harmed as a result of Defendants' violations of section 207, including loss of earnings and emotional distress, all of which will be proven at trial.

40. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Mr. Ramirez seeks unpaid overtime wages at the required legal rate for all of his working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law.

## SECOND CLAIM FOR RELIEF:
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

41. Mr. Ramirez hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

42. Section 15(a)(3) of the FLSA makes it is a violation for any person to "discharge or in any other manner discriminate against any employee" for initiating a claim pursuant to the FLSA.

43. Upon learning of Mr. Ramirez's efforts to enforce his right to overtime under the FLSA, Defendant reduced Mr. Ramirez's hourly wage by $4.00 and decreased the number of hours in his schedule to a small fraction of the hours he had previously worked. Both acts were unprecedented in Mr. Ramirez's sixteen years of employment, and occurred immediately after the filing of the Department of

Labor Complaint and Mr. Ramirez's assertion to management of his right to receive overtime wages pursuant to the FLSA.

44. Soon after learning of Mr. Ramirez's efforts to receive overtime, Mr. Ramirez was overlooked for a promotion to a position for which he was qualified.

45. On February 12, 2014, Mr. Ramirez was informed by Defendant Adrian Chavez that his employment with Defendant Chavez Wrought Iron was terminated.

46. Mr. Ramirez has been harmed as a result of Defendants' violations of section 15(a)(3), including loss of earnings and emotional distress, all of which will be proven at trial.

47. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Mr. Ramirez seeks compensatory, liquidated and punitive damages and equitable relief, and attorneys' fees and litigation costs and all other costs and penalties allowed by law.

## THIRD CLAIM FOR RELIEF:
## VIOLATION OF ARIZONA WAGE PAYMENT LAWS,
## A.R.S. § 23-350, *et seq.*

48. Mr. Ramirez hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

49. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including overtime wages, no later than sixteen days after the most recent pay period.

50. Defendants have not paid Mr. Ramirez overtime wages for hours that he worked for several years, in violation of Arizona law.

51. Mr. Ramirez has been harmed as a result of the Defendants' violation of A.R.S. § 23-351(C)(3), including loss of earnings and emotional distress, which will be proven at trial.

52. Based on the foregoing, Mr. Ramirez seeks damages pursuant to A.R.S. § 23-355(A).

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF ARIZONA'S EMPLOYMENT PROTECTION ACT,
## A.R.S. § 23-1501

53. Mr. Ramirez hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

54. A.R.S. § 23-1501(A)(3)(c) prohibits an employer from terminating an employee in retaliation for the employee's disclosure of an employer's violation of Arizona law to the employer or to a public agency.

55. On October 29, 2013, Mr. Ramirez disclosed Defendants' failure to make timely payments of overtime wages to the U.S. Department of Labor when his legal representatives filed a third party complaint for nonpayment of overtime wages on his behalf.

56. On October 30, 2013, Mr. Ramirez disclosed Defendants' failure to make timely payments of overtime wages when his legal representatives spoke by telephone with Defendant Andrea Chavez to request that Mr. Ramirez receive his overtime wages.

57. On February 12, 2014, Defendants terminated Mr. Ramirez's employment in violation of A.R.S. § 23-1501(A)(3)(c).

58. Mr. Ramirez has been harmed as a result of this unlawful retaliation by Defendants, including loss of earnings and emotional distress, which will be proven at trial.

## **PRAYER FOR RELIEF**

*WHEREFORE, Plaintiff respectfully requests that this Court:*

A. Award Mr. Ramirez damages for unpaid overtime, plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B. Award Mr. Ramirez three-times the full amount of overtime earned, as provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

C. Award attorneys' fees and costs to Mr. Ramirez for legal services provided by the University of Arizona pursuant to 29 U.S.C. § 216(b);

D. Grant such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Ramirez hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Tucson, AZ
February 14, 2014

                                         Respectfully submitted,

                                  BY: _____/s/_____
                                           Nina Rabin
                                           Attorney for Plaintiff